IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVERY PATRICK<br>20 Ayers Court<br>East Brunswick, NJ 08816<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA GAS WORKS<br>d/b/a PGW<br>800 West Montgomery Ave.<br>Philadelphia, PA 19122<br>and<br>MPOWER SOFTWARE SERVICES, LLC<br>115 Pheasant Run, Ste. 110<br>Newtown, PA 18940<br><br>Defendants | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.     INTRODUCTION

1. This action has been initiated by Avery Patrick (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Philadelphia Gas Works and mPower Software Services, LLC (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII and has properly exhausted his administrative remedies (with respect to his Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

2

8. Defendant Philadelphia Gas Works (*hereinafter* referred to as "Defendant PGW") is a large municipally owned natural gas utility.

9. Defendant mPower Software Services, LLC (*hereinafter* referred to as "Defendnat mPower") is a staffing agency located at the above-captioned address.

10. Plaintiff was placed by Defendant mPower to work within Defendant PGW, and although Plaintiff was hired and paid through Defendant mPower, Plaintiff was treated in all functional respects like an employee while working within Defendant PGW. Defendants' management had the ability to manage Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendants' management and was obligated to follow the rules and policies of Defendants. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a black (Jamaican-born) male.

14. Plaintiff was physically placed by Defendant mPower to work at PGW for a little more than 1.5 years (initially being hired in or about December of 2015).

15. Plaintiff was interviewed and hired by mPower for the position of Desktop Support Analyst and continued to hold said position throughout his tenure with Defendants.

3

16. During his employment with Defendants, Plaintiff was a hard-working employee who performed his job well and lacked any progressive discipline.

17. At all times relevant herein, Plaintiff was primarily supervised by Defendant PGW's management, including but not limited to Charles Morrison.

18. While employed with Defendants, Plaintiff believes he was subjected to discriminatory treatment based on his race and/or national origin primarily by Defendant PGW's staff and management, including but not limited to Mr. Morrison (as it pertains to national origin discrimination), Armando Martino (Caucasian – Senior Network Analyst), and Craig Yorty (Supervisor LAN (local area networks)/WAN (wide area network) Engineering).

19. By way of example, unlike Plaintiff's non-black and/or non-Jamaican employees, he was treated in a rude and demeaning manner, called an idiot, cursed at, and subjected to discriminatory comments such as using the terms "pimp" and "prostitutes."[2]

20. In or about April of 2017, Plaintiff complained to Defendants' management, including but not limited to Mr. Morrison and Michael Soroka (Senior Account Manager at Defendant mPower) about the discriminatory behavior that he believed he was being subjected to.

21. Plaintiff also expressed his concerns of the aforesaid discriminatory behavior to Defendant PGW's Human Resources Department, including Gary Gioioso (Defendant PGW Director of Organizational Development) and Matthew Rohrer (Defendant PGW Senior Business Partner).

---

[2] *See e.g. Perkins v. Nat'l Express Corp.*, 105 F.Supp.3d 970, 977-78 (N.D. Cal. 2015) ("pimpmobile" used in reference to a luxury car driven by African–American male "carries a discriminatory meaning"). *Pulliam v. Wichita State Univ.*, No. 16-2161-JTM, 2016 WL 6125028, at *3 (D. Kan. Oct. 20, 2016) ("don't pimp us out" carried a racial connotation which gave credence to the employee's good faith basis, even if mistaken, for objecting to the comment.); *Brown v. Ryder Sys. Inc.*, No. 11-62746-CIV, 2013 WL 221496, at *6 (S.D. Fla. Jan. 18, 2013) ("pimps and hos" was considered to be an "inflammatory, discriminatory and offensive" remark).

4

22. During his aforesaid complaints of discrimination to Defendants' management and Defendant PGW's HR department, Plaintiff (1) verbally informed Defendants' management and Defendant PGW's HR department about the aforesaid discriminatory treatment based on his race and national origin; (2) referenced the offense that he took to such treatment/actions; and (3) indicated that he believe the use of the terms "pimp" and "prostitutes" were racist in nature (in context with the racial discriminatory atmosphere that he believed he was being subjected to – discussed *supra*).

23. During his aforesaid meeting with Defendant PGW's HR department, Plaintiff was ignored any time he brought up his perceptions of race and/or national origin discrimination and was instead directed by Gioioso and Rohrer to only discuss the actual comments that were made and/or the actions taken by Martino, Yorty and, Morrison (rather than how Plaintiff perceived said comments and/or actions to be discriminatory in nature).

24. At the end of his meeting with Gioiso and Rohrer, Plaintiff was asked to sign a statement regarding the actions and comments that he reported during his aforesaid meeting with Defendant PGW's HR department (as Gioioso and Roher were disinterested in his perceptions or beliefs about national origin and race discrimination).

25. Plaintiff therefore signed the aforesaid statement regarding the comments and actions that he reported during his meeting with Defendant PGW's HR department to the best of his recollection.

26. On or about May 22, 2017, Plaintiff was issued a letter from Rohrer, which confirmed that both Yorty and Martino admitted to using the term "pimp" on at least one occasion.

27. After having worked without any progressive discipline and having performed his job very well, Plaintiff was removed abruptly and terminated from his assignment with Defendant PGW on or about Friday, June 23, 2017.

28. Plaintiff was informed that he was being terminated due to concerns with his technical abilities despite a total lack of warning, concerns being expressed, and prior praise.

29. Upon information and belief, Plaintiff was also replaced by someone less qualified.

30. Following his termination from Defendant PGW and after filing his EEOC charge against Defendants, Soroka called Plaintiff on or about November 16, 2017 and informed him that his current job through Defendant mPower could be in jeopardy and things at his new job could "get rough" if Defendant mPower is forced to hire an attorney to defend themselves in the EEOC case.

31. Because of this threat and in fear of losing a new job, Plaintiff felt that he was forced to write an e-mail to Defendant mPower indicating that it was solely Defendant PGW that discriminated and/or retaliated against him rather than Defendant mPower.

32. Plaintiff therefore believes and avers that his termination was completely pretextual and that he was really terminated because of his complaints about race/national origin discrimination.

**Count I**
**Violation of 42 U.S.C. Section 1981**
**(Retaliation)**
**- Against Both Defendants -**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6

34. Upon information and belief, Plaintiff was terminated by Defendants from his assignment with Defendant PGW because he complained of racial discrimination to Defendants' management.

35. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

### Count II
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Retaliation)
### - Against Both Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Upon information and belief, Plaintiff was terminated by Defendants from his assignment with Defendant PGW because he complained of racial/national origin discrimination to Defendants' management.

38. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Date: June 21, 2018

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

_____
Avery Patrick

Date: 14 June 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Avery Patrick | : | CIVIL ACTION |
| v. | : | |
| Philadelphia Gas Works d/b/a PGW, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 6/21/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 20 Ayers Court, East Brunswick, NJ 08816

Address of Defendant: 800 West Montgomery Avenue, Philadelphia, PA 19122; 115 Pheasant Run, Suite 110, Newtown, PA 18940

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case   ☐ is / ☒ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/21/2018    _____ *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538
*Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 6/21/2018    _____ *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PATRICK, AVERY

**DEFENDANTS**
PHILADELPHIA GAS WORKS D/B/A PGW, ET AL.

(b) County of Residence of First Listed Plaintiff: Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- X 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1981; Title VII (42USC2000)
Brief description of cause:
Violations of 42USC1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes  No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/21/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset